**NOT FOR PUBLICATION**

JAN 21 2011

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL M. McMAHILL, | No. 09-56620 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-07188-AHM-E |
| v. | |
| W. ECHENDU; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Submitted January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Michael M. McMahill, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging violations

of his Eighth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291.

We review de novo a dismissal under 28 U.S.C. §§ 1915(e) and 1915A for failure

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

to state a claim. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly dismissed the action because McMahill's factual allegations and the attachments to the operative complaint show that defendants did not act with deliberate indifference to his medical problems. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-58 (9th Cir. 2004) (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health and safety, and negligence and a mere difference in medical opinion are insufficient to establish deliberate indifference); *Nat'l Assoc. for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (explaining that "we may consider facts contained in documents attached to the complaint" in determining whether the complaint states a claim for relief).

McMahill's remaining contentions are unpersuasive.

**AFFIRMED.**